PER CURIAM.
We have before us a petition for writ of habeas corpus and request for stay of execution. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const. We deny both.
White was convicted of robbing a small grocery store in Taft, Florida, and shooting a customer to death. The facts and procedural history are set out fully in White v. State, No. 86,900, 664 So.2d 242 (Fla.1995). White raises four claims in his present petition.
• White first asserts that he has been denied effective assistance of counsel on collateral review because his counsel, provided by the Office of the Capital Collateral Representative (“CCR”), is overworked and forced to labor under severe time constraints. We have already heard argument on this issue and decided the matter adversely to White shortly after the governor signed the present death warrant.
White next claims that he is mentally retarded and his execution would constitute cruel and unusual punishment. This issue could and should have been raised in prior proceedings and is proeedurally barred. See Scott v. State, 657 So.2d 1129 (Fla.1995).
Third, White claims that records of the Florida Parole Commission and the Florida Board of Executive Clemency were withheld from him in violation of his constitutional rights. We find this claim proeedurally barred because it could and should have been raised in prior proceedings.
White’s last claim is that his constitutional rights were violated because he was without counsel to present a clemency petition to the governor. We do not address this issue because White’s lawyer has in fact filed such a petition.
We deny the petition for writ of habeas corpus and request for stay of execution.
It is so ordered.
*1326 GRIMES, C.J., and OVERTON, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs in part and dissents in part with an opinion, in which SHAW and KOGAN, JJ., concur.
NO MOTION FOR REHEARING WILL BE ALLOWED.